**STATE ex BATEMAN v CLEVELAND (City) et**

Common Pleas Court, Cuyahoga Co

No 499713. Decided Nov 29, 1940

George Kerr and Dan Houck, Cleveland, for plaintiff.

Henry M. Brajnard, director of law, Cleveland, and Edward Blythin, ass't. director of law, Cleveland, for the City of Cleveland.

James C. Connell, of Cleveland, for defendant, Copland.

## OPINION

By HURD, J.

In this case the plaintiff, a taxpayer, seeks to restrain the defendants, the city of Cleveland and the county of Cuyahoga, from the payment of salary to the defendant, David Copland, a judge of the Municipal Court of Cleveland, against whom an entry of disbarment was made by this court on the 8th day of July, 1940.

The several defendants have demurred on three principal grounds:

1. That the plaintiff has not legal capacity to sue.

2. That the petition does not state facts which show a cause of action.

3. That the court does not have jurisdiction of the subject matter.

In support of the demurrers, the directors of law and the county prosecutor, representing the city of Cleveland and the county of Cuyahoga respectively, point to the fact appearing on the face of the petition, that the defendant, Copland, was elected by the people as a judge of Municipal Court and now occupies that office by virtue of such election. They argue that the order of disbarment did not "ipso facto" remove said defendant from his office as judge. Counsel for the plaintiff argue that the defendant, Copland, having been disbarred was by reason of that fact alone separated from his office, and that no further proceedings are necessary to effectuate such a result, and that therefore payment of his salary should immediately cease.

The law is very clear on this subject. **Sec. 1707 GC**, providing for the removal of an attorney from the practice of law, does **not** prescribe that such disbarment shall result in the forfeiture of any public office. **Sec. 1579-2 GC** providing for the qualifications of judges of the Municipal Court, prescribes that such persons "shall at the time of their election be qualified electors and residents of the city of Cleveland and shall have been admitted to the practice of law at least five years."

But this section does not provide for forfeiture of the office of judge in case of the disbarment of one so elected. There is in fact no provision in the law of Ohio anywhere which prescribes or even permits the removal from office of a constitutionally elected judge by disbarment proceedings alone. Therefore the conclusion is inevitable that while the defendant, Copland, has

by the earlier decree of this Court lost his license to practice law, he is still a legally elected judge and can not be removed from his office except by further proceedings in accordance with law.

The laws of Ohio provide several methods for the removal of a judge from office but injunction is not one of them. One such method is by proceedings in the nature of a quo warranto or an ouster action in which case the disqualification of disbarment can be invoked as a basis for such ouster proceedings. By the provisions of §12303 GC, proceedings in quo warranto may be brought against a person who unlawfully "holds or exercises a public office." This action must be brought in the name of the state by the attorney general of the state or by the county prosecutor. (See §12305 GC). Another method of removal is by impeachment under the provisions of **Art. II, §24, of the Constitution of Ohio.** The House of Representatives has the sole power of impeachment and such impeachment, when concurred in by a majority of the members of the house, shall be tried by the Senate; a concurrence of two-thirds of the members thereof being necessary for conviction. (See **Art. II, §23 of the Constitution of Ohio.**) There are other possible procedures for the same purpose. For instance, §10-1 GC et seq, provides for forfeiture for misconduct in office by the filing of written or printed complaints by a required percentage of signatures of qualified electors and a hearing thereon as provided by law.

Coming now to the question of restraining the payment of salary, our Supreme Court has held ██ that salary is an incident to the office of judge and that compensation is not dependent upon the amount of service rendered by the occupant or the failure to render service, and that compensation once fixed can not be denied or changed during the occupancy of the office. **Zangerle, Auditor et v State ex Walther, 115 Oh St 168.** The principle set forth in this case is sustained by all Ohio authorities and authorities of numerous other jurisdictions. It is also well settled that injunction is ██ not the appropriate remedy to try title to office but that quo warranto is the only method provided by law for this purpose.

"Injunction is not the appropriate remedy to try title to office, * * *. Such questions are regarded as purely legal in character and determinable only in a court of law, usually by a proceeding in the nature of quo warranto."

**21 O. Jur. 1150, §104.**
This text is amply supported by many decided cases and numerous other text authorities. There can be no doubt that this is the law of Ohio. Whether the office of judge in this case should be declared vacant can be decided only in an action in quo warranto instituted in the name of the state of Ohio by the attorney general of the state or the prosecutor of this county, or by some one of the other procedures hereinbefore mentioned. It follows therefore that we can arrive at only one conclusion, namely, that the demurrers must be sustained on the three grounds above set forth.

To the plaintiff and others who may feel that the law should be otherwise, it may be appropriate to point out that it is not within the province of the court to make the laws. Such power is lodged exclusively with the legislative branch of the government. If the legislature in its wisdom should desire to change the law on this subject, it may do so within constitutional limitations. It is the duty of the judicial branch of the government to administer justice according to law, and in so doing it may not invade the prerogatives of the legislature or the executive branches of the government.

For the reasons stated therefore, the demurrers filed by the defendants are sustained. The petition is dismissed and judgment for defendants.